IDEAL CEMENT CO.

v.

HOME INS. CO. et al.

No. 14789.

United States Court of Appeals, Fifth Circuit.

March 12, 1954.

J. Edward Thornton, by Vickers & Thornton, Mobile, Ala., for appellant.

Eberhard P. Deutsch, Brunswick A. Deutsch, New Orleans, La., T. K. Jackson, Jr., Palmer Pillans, Deutsch, Kerrigan & Stiles and Inge, Twitty, Armbrecht & Jackson, Mobile, Ala., for appellee, René H. Himel, Jr., New York City, of counsel.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Appellant, libelant below, brought a libel *in personam* against the hull underwriters of its Barge 105 to recover for the loss sustained in the sinking, raising and repairing of the vessel. Under the 56th Admiralty Rule, the underwriters impleaded the Tug Virginia A, which had towed the barge, and her owner, Sam A. McDonald. Libelant also filed a libel *in personam* against McDonald, in which it alleged negligent towage.

The two actions were consolidated for the purposes of this trial and judgment, and the issues of fact and law having

come on to be heard on the pleadings and proofs of the parties, the court made findings of fact and conclusions of law,[1] on the basis of which he denied libelant's claim on the policy and against the tug, and gave judgment accordingly.

In an exhaustive brief, thoroughly canvassing the testimony and vigorously attacking the court's findings of fact and the conclusion that libelant had breached "the warranty of the insurance contract as to seaworthiness", appellant insists: (1) that the insurance policy contains no express warranties; (2) that there is no implied warranty; and (3) that the provisions in the policy of insurance as to seaworthiness are exceptions from coverage.

In the alternative, it argues that the district judge misconceived the burden of proof on the issue of seaworthiness and that he erred in attributing the cause of the sinking of the barge to the holes in its deck and its leaky bulkheads.

The insurer, pointing to the warranty provisions of the policy and the exception from coverage provision relied on by it,[2] and to the admitted facts: that the deck had holes in it; that the barge leaked when loaded; and that, despite these facts which were known to libelant, it kept the barge in service, confidently urges upon us that the record supported, indeed demanded, the fact findings and conclusions of the district judge.

We agree with this view. Read the record and place the burden of proof as one will, we think there is no escape from the conclusions of the district judge:

"Because of the breach of the warranty of the insurance contract as to seaworthiness, libelant cannot recover. Libelant failed to maintain the vessel in seaworthy condition in conformity with the warranty that during the continuance of the policy the vessel shall at all times be tight. Had the deck plating and bulkheads been tight, water could not have entered the other compartments despite the flooding of the after rake tank. The ruptures and openings in the deck plating and bulkheads rendered the vessel unseaworthy to withstand such flooding. This unseaworthiness was the proximate cause of the sinking.

"Libelant adduced no evidence to support the allegations of negligence contained in the libel in No. 2445. In the absence of proof of negligent towage, respondent Sam A. McDonald is free of any responsibility for the sinking of the Barge 105."

Because we are of the opinion that the district judge was right in finding and holding that there was a breach of the warranty of seaworthiness and that libelant was not, therefore, entitled to recover, we find it unnecessary to con-

---

1. Ideal Cement Co. v. Home Ins. Co., D.C., 112 F.Supp. 413.

2. "Watchman Warranty; It is hereby mutually understood and agreed that the warranty in this policy that 'at all times a competent watchman shall be on board' is waived; it being warranted, however, that when the vessel insured is tied up or moored, it shall be in charge of a competent watchman, but a breach of this warranty shall void this insurance only as to claims accruing during such breach or arising subsequently as a result of such breach."

"Warranted by the insured that the said vessel shall at all times during the continuance of this policy, be tight and well found in anchors, cable, rigging, tackle and apparel, as is usual and customary; also, in all other things and means necessary and proper for safe navigation, according to the usage and custom."

"It is the intent of this insurance company by this policy to fully indemnify the insured * * * Excepting always all claims arising from or caused by the following, or other legally excluded causes, viz.,

"a. * * *"

"b. From rottenness * * * and other unseaworthiness."

sider the claim of the insurer that there was a breach of the watchman warranty and that this also prevented recovery. The decree was right. It is

Affirmed.